IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC LEMONTE FUNDERBURK,         *

v.                               *        Civil Action No. CCB-14-784

DAVID BLUMBERG, et al.,          *

                              ***
# MEMORANDUM

Respondents have filed an answer to the above-captioned petition for writ of habeas corpus seeking dismissal of this matter as unexhausted. (ECF No. 5.) Petitioner has replied. (ECF No. 6.)[1] For the reasons that follow, the petition, filed pursuant to 28 U.S.C. § 2241, shall be dismissed without prejudice.

Petitioner Eric Lemonte Funderburk alleged he was unlawfully held in the custody of the Maryland Department of Public Safety and Correctional Services ("DPSCS") because he had not been provided a parole revocation hearing in a timely manner. (ECF No. 1.) He states he was arrested December 21, 2011, and later charged in the Circuit Court for Baltimore City with drug offenses. At the time of his arrest he was on parole. He indicates that a parole retake warrant was issued as a detainer on March 14, 2012, but no hearing had been held. *Id*. As relief, Mr. Funderburk seeks a parole revocation hearing, release from confinement, and/or the quashing of the detainer. *Id*.

The claims presented by Mr. Funderburk involve questions of state law making the petition subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion

---

[1] In his reply, Mr. Funderburk raises new issues which are not properly before the court. He indicates, among other things, that he has not received credit for time he spent working at the Baltimore City Detention Center and for time that he participated "in the drug program ACT/SAP." (ECF No. 6.) He further alleges that his "original" and "new" sentences have not been calculated properly by the Division of Corrections and seeks recalculation of his mandatory release date. *Id*. Mr. Funderburk may file a new petition for habeas relief after he has exhausted his administrative and state court remedies regarding the computation of his sentence. These claims are currently unexhausted and otherwise not properly before the court. They will not be considered at this time.

requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 539 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondents assert that subsequent to the filing of the instant petition, Mr. Funderburk pled guilty in the Circuit Court for Baltimore City to manufacturing and distributing a controlled dangerous substance and conspiracy to distribute a controlled dangerous substance. He was sentenced to two concurrent ten year sentences, with all but five years suspended. His sentences ran from the date of his arrest, December 21, 2011. (ECF No. 5, Exs. 1 & 2.) After his sentencing, on April 14, 2014, the Parole Commissioner revoked Mr. Funderburk's parole and awarded him credit under Md. Code Ann. Corr. Servs. § 7-401(d)(1) from December 21, 2011, to April 14, 2014. (ECF No. 5, Ex. 4.)

Respondents assert that Mr. Funderburk has not exhausted state judicial review regarding the untimely revocation hearing or the Commission's decision to revoke his parole. Mr. Funderburk filed several petitions for writ of habeas corpus in state court challenging the lack of a revocation hearing. The petitions were either denied by the trial court or Mr. Funderburk's request to proceed in forma pauperis was denied. (*Id.*, Exs. 5, 6, 8, 11-13, 15, 16, 18, 19.) Mr. Funderburk did not note a timely appeal of any of the adverse rulings.[2] *Id*.

As it is clear that Mr. Funderburk did not exhaust his claim regarding the delay in a parole revocation hearing with the Maryland state courts, the instant petition must be dismissed without prejudice.[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Mr. Funderburk has not demonstrated a basis for the issuance of a certificate of appealability. A separate order follows.

October 30, 2014                                    /S/
Date                                                Catherine C. Blake
                                                    United States District Judge

---

[2] Mr. Funderburk noted an untimely appeal in one case concerning the retake warrant and his desire for a prompt revocation hearing. That appeal was pending at the time Mr. Funderburk instituted the instant proceedings. (ECF No. 5, Ex. 12.)

[3] The court notes that ultimately Mr. Funderburk's parole was revoked and he was granted credit for all the time he spent incarcerated. In order to prevail on a claim that delay in holding a parole revocation hearing violated a detainee's rights, the detainee must show the delay was unreasonable and he was prejudiced by the delay. *Gaddy v. Michael*, 519 F.2d 669, 673 (4th Cir. 1975). Given the credit toward his sentence, Mr. Funderburk cannot show prejudice in the delay of his revocation hearing.